UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARTHUR YOCHIM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL GARGANO Secretary, | ) |
| INDIANA FAMILY AND SOCIAL | ) |
| SERVICES ADMINISTRATION, | )   Case No. 1:11-cv-01656-TWP-DML |
| DOUGLAS ELWELL Interim Director, | ) |
| DIVISION OF DISABILITY AND | ) |
| REHABILITATIVE SERVICES, | ) |
| NANCY ZEMAITIS Director, | ) |
| BUREAU OF REHABILITATION | ) |
| SERVICES/VOCATIONAL | ) |
| REHABILITATION SERVICES, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**

This matter is before the Court on Plaintiff Arthur Yochim's motion to amend (Dkt. #45) the Court's Entry on Preliminary Injunction (Dkt. #40). Mr. Yochim filed his complaint against the Indiana Family and Social Services Administration ("FSSA"), the Division of Disability and Rehabilitative Services ("DDRS"), and the Bureau of Rehabilitation Services/Vocational Rehabilitation Services ("VRS") ("collectively, "Defendants"), after his request for out-of-state vocational services was denied. In addition to seeking review of the administrative denial of his request, Mr. Yochim sought injunctive relief that would essentially reverse the administrative denial and place him for services at the Colorado Center of the Blind. The Court previously denied Mr. Yochim's request for a preliminary injunction, and he now seeks review of that decision. For the following reasons, Mr. Yochim's motion is **DENIED**.

## I. BACKGROUND

The facts of this case are set forth at length in the Court's Entry on Preliminary Injunction (Dkt. #40).  In brief, Mr. Yochim, a 59 year old Indiana citizen, has been blind since birth due to a condition called retinopathy.  Since moving to Indiana in 2007, Mr. Yochim has been a client of FSSA, DDRS, and VRS.  After growing dissatisfied with the quality and quantity of the vocational services he was receiving in Indiana, Mr. Yochim requested that the DDRS send him to an out-of-state service provider – specifically, the Colorado Center for the Blind.  After the DDRS denied his request and an impartial hearing officer affirmed that decision, Mr. Yochim brought a lawsuit in this Court under Title I of the Rehabilitation Act, including a motion for preliminary injunction.  After holding oral argument on the motion, the Court denied the preliminary injunction.  In the current motion, Mr. Yochim argues the Court manifestly erred by denying his motion.

## II. LEGAL STANDARD

Relief under Federal Rule of Civil Procedure 59(e) is an "extraordinary remed[y] reserved for the exceptional case."  *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).  Specifically, a motion to reconsider is appropriate when the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).  A party seeking reconsideration cannot rehash previously rejected arguments or argue matters that could have been heard during the pendency of the previous motion.  *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

## III. DISCUSSION

Mr. Yochim contends the Court erroneously disregarded Richard Davis's expert report and erroneously ruled that granting an injunction would end the case or prejudice Defendants. First, Mr. Yochim argues it was improper to rule that "Defendants presumably considered the report and still denied Mr. Yochim's request." Dkt. 45 at 2. Specifically, he argues that because Defendants did not issue a written decision on Mr. Yochim's request for impartial review, as a matter of law, Defendants did not consider Mr. Davis's report. The Court stands by its previous holding, that "after Mr. Yochim submitted this report, Mr. Heard informed him that his request for services had been denied. Therefore, it stands to reason that the agency received and considered in full this report, but still sided with the hearing officer's opinion." Mr. Yochim's assertion that the Defendants' failure to provide a written decision precludes a finding that Mr. Davis's report was considered makes an unsupported jump in logic. The Court agrees a written decision would have been useful, but the lack of one does not support Mr. Yochim's conclusion. Moreover, Mr. Yochim ignores the Court's further reasoning that the report while highly relevant to the ultimate disposition of his case, does not tip the scale toward granting Mr. Yochim's extraordinary request. The Court did not disregard Mr. Davis's report.

Second, Mr. Yochim argues he has demonstrated extensive irreparable harm and Defendants have failed to counter the evidence. Specifically, he argues the Court "mistakenly concluded, in the context of assessing Mr. Yochim's chance of success, that it would be more prejudicial [to Defendants] to grant the injunction." Dkt. 45 at 4. Mr. Yochim mischaracterizes the Court's holding. The Court held that "[g]iven the deference owed to the hearing officer's decision, coupled with the soundness of that decision, the Court simply cannot find that Mr. Yochim has a reasonable likelihood of succeeding on the merits of his claim." Dkt. 40 at 15.

The Court noted that "*necessity*—not superiority—of services is the touchstone of Title I," and considered Mr. Yochim's argument that his needs were best served by the Colorado Center for the Blind. After careful consideration of all the factors, the Court found Mr. Yochim's argument was unlikely to succeed because Defendants had reasonable grounds to determine Mr. Yochim's needs could be met in Indiana, specifically at Bosma Industries. Though the Court recognized Defendants could consider cost when choosing in-state providers over out-of-state providers, the crux of the holding was that Mr. Yochim had not shown a likelihood of success on the merits that he *needed* the services provided in Colorado. The Court did not hold that Defendants would be unduly prejudiced by a Colorado placement.

The Court reiterates that Mr. Yochim is asking the Court to reverse a hearing officer's decision and require Defendants to send him to a facility in Colorado, even though the relevant agency and an impartial arbiter have already determined that such services are not necessary. Such a decision would completely dissolve and replace the hearing officer's decision without any real opportunity for further judicial review. And as the Seventh Circuit has instructed, "A preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984) (citation and internal quotations omitted). The Court held this case does not "clearly demand" an injunction given Mr. Yochim's failure to demonstrate a likelihood of success on the merits. Mr. Yochim's current motion does not establish that this holding warrants relief under Rule 59(e).

## IV. CONCLUSION

For the reasons set forth in this Entry, Mr. Yochim's Motion to Alter or Amend the Judgment (Dkt. #45) is **DENIED.**

SO ORDERED.

Date: 09/26/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Laura Lee Bowker
INDIANA ATTORNEY GENERAL
laura.bowker@atg.in.gov

Gregory P. Care
BROWN, GOLDSTEIN & LEVY, LLP
gpc@browngold.com

Thomas E. Crishon
INDIANA PROTECTION & ADVOCACY SERVICES
tcrishon@ipas.in.gov

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
jefferson.garn@atg.in.gov

Sharon Krevor-Weisbaum
BROWN, GOLDSTEIN & LEVY, LLP
skw@browngold.com